# RAYMOND & RAYMOND
Attorneys at Law

Herbert B. Raymond, Esq.
Jeffrey M. Raymond, Esq.
Kevin DeLyon, Esq.

7 Glenwood Avenue, 4th Fl., Ste. 408
East Orange, NJ 07017
Telephone (973) 675-5622
Facsimile (408) 519-6711
Email: bankruptcy123@comcast.net
Website: www.bankruptcylaw123.com

December 22, 2018

Honorable John Sherwood, U.S.B.J.
U.S. Bankruptcy Court
50 Walnut St., 3rd Floor
Newark, NJ 07102

    Re: Kim Worthington, Debtor
        18-28670 JKS
        Chapter 13
    Proceeding: Confirmation Hearing, Trustee Objection
    Hearing Date: January 24, 2019 at 8:30 A.M.

Dear Judge Sherwood:

    Please accept this letter in response to the Trustee Confirmation Objection.  The Trustee asserts that the case is not feasible, i.e., that the Debtor will not be able to make the payments, because of an alleged loss of income, specifically, income from driving for Uber.  This stems from the Trustee's belief that the Debtor will not have funds available to purchase, lease or finance another vehicle and act as a driver.

    I have discussed these issues with the Debtor.  First of all and perhaps most importantly, despite the loss of the car (the Debtor has already turned the car in because the lease has expired), payments are being made under the plan and according to the Debtor, also on the mortgage.  Trustee payment records show that the Debtor has made both payments under the plan, just being due for the current payment, which is the biggest indica of feasibility.

    Even though payments are being made, conceptually, the Trustee makes a point because the Debtor's schedules rely on income from driving, schedules proffered by the Debtor.  And there will not be the car that the Debtor leased before filing available for use, especially since it was already turned in.  According to the Debtor the loss of the leased car will not impede her from making payments.  The Debtor has indicated that she will be able to borrow a friend's car or perhaps even use her son's car for driving, if necessary.  In addition, the Debtor is regularly seeking better employment.  She is gainfully employed, but, continues to seek higher and better paying employment.

Next, in years past, as noted in the petition, the Debtor has earned more.  In the 2016 calendar year for example, the Debtor earned over $28,000, which is more than scheduled on the petition as current income.  So earnings may be higher and there may be more or additional summer employment available to the Debtor.  Moreover, according to the Debtor, instead of driving, she may seek another part-time position, a non-driving position, which will not require the use of an automobile.  If that is the case, there will not be any automobile insurance and expenses will be lower.  The options are open for the Debtor and she is striving to make payments under the plan as evidenced thus far.

     I note that this case was filed just before a sheriff's sale of the property which the Debtor owns in Hillside, New Jersey, which is her residence.  The arrearage is considerable, at this time, but not such that the Debtor cannot repay or cure it, if an effort is made.  If, though, as the Trustee requests, the case not be confirmed, the arrearages will increase, precluding the Debtor from ever retaining this property.  If the Trustee is concerned about feasibility, then there are ways to address feasibility, without precluding the Debtor this opportunity to retain her home.  As example, the case may be confirmed on an interim basis with another confirmation hearing scheduled for the future to determine if payments are being made.  This is but one way to adjudge whether the plan is truly feasible.  The schedules, no doubt, are a starting point and the Trustee has the complete obligation to review them and obtain the information from the Debtor supporting the schedules.  In many cases, feasibility lines are thin, but here, when the Debtor is performing under the plan, by making payments, to the Trustee and mortgage, in contrast to many other cases where payments are delinquent, initial concerns of feasibility have been met.  No doubt, this case will be a struggle for the Debtor.  But I have represented this individual in the past and she owned the real property that she is attempting to save here, and the case was completed resulting in discharge.  That case was filed in 2002, more than sixteen years ago.  So the Debtor obviously has the wherewithal to retain this property and she has for at least the past sixteen years.

     For these reasons, the Trustee's objection should be overruled and the plan confirmed.

                                  Respectfully Submitted,

                                  /S/ HERBERT B. RAYMOND, ESQ.
                                HERBERT B. RAYMOND, ESQ.